```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


LINDA MYERS,                        )
            Plaintiff,              )
                                    )
            v.                      )    C.A. No. 13-13149-PBS
                                    )
JOHN DAVENPORT and MEGAMILLIONS,    )
            Defendants.             )
```

MEMORANDUM AND ORDER

April 14, 2014

SARIS, C.D.J.

For the reasons set forth below, the Court allows the Motion for Leave to Proceed *in forma pauperis* is allowed; (Docket No. 2); denies the Motion for Appointment of *Pro Bono* Counsel (Docket No. 3); and denies the Motion to Supplement (Docket No. 4). Plaintiff shall show cause why this action should not be dismissed, or she shall file an Amended Complaint which cures the pleading deficiencies noted below.

### I. Background

Plaintiff Linda Myers, a *pro se* litigant with a mailing address in South Easton, Massachusetts, filed her self-prepared complaint accompanied by an Application to Proceed Without Prepayment of Fees and a Motion for Appointment of Counsel. See Docket. Myers also filed a Motion to Supplement. See Docket No. 4.

Myers' complaint consists of one typewritten page and one handwritten page and is accompanied by eighteen pages of documents including her resume, emails, and sweepstakes correspondence. See Docket No. 1. In the Motion to Supplement,

plaintiff states that she is also known as Linda Myers Brown and that she "was under great duress at the time of filing the original complaint."  See Docket No. 4.  The allegations contained in the complaint and motion to supplement are sprawling, repetitive and not entirely coherent.  Myers suit is brought against the following two defendants: (1) John Davenport, identified in the complaint as a federal agent; and (2) the lottery game Mega Millions.  Myers states that she won over 200 million dollars in various lotteries and that "Obama and the banks wanted [Myers] to work with Davenport.  Complaint, p. 1.  Myers alleges that she has been working with defendant Davenport and has a sealed contract delivery for turning in Jamaican Scammers.  Id.  She complains, among other things, that she has "been harassed and stalked and stolen from by [her] Business associates who are getting 1/2 the money."  Id.

Myers states that she believes the lottery entry forms might have been sent to her because of her "being in radio, tv and entertainment business and owner of Nature Stone Art Gallery and Lillemoor Enterprises. Id. at p. 1 - 2.  In her Motion to Supplement, plaintiff explains that her art gallery and trailer home business [Lillemoor Enterprises] were destroyed by fire in 2012 and that she has been a party to several cases, one of which was appealed to the Supreme Court in Washington, D.C.  See Docket No. 4.  The Court's records indicate that plaintiff was a party in two cases in this federal district court.  See Myers v. Harvard University, C.A. No. 92-11687-RCL (stipulation of

dismissal); Myers v. Brown, et al., C.A. No. 96-10266-REK (voluntary dismissal).

## II. Discussion

A. The Motion for Leave to Proceed *In Forma Pauperis*

In her Application to Proceed Without Prepayment of Fees, Myers states that she has no funds and owns no property. She states that she and her husband are disabled and each receive social security benefits. Myers also states that she is not employed. However, in response to Question 3 on the Application, she indicates that she has received an unspecified amount of money from business, profession, other self-employment, gifts or inheritances. Despite the incomplete financial disclosures, the Court finds that she is without funds to pay the filing fee. Accordingly, the Application is granted.

B. Screening of the Complaint

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *sua sponte* dismissal of a complaint for failure to state a claim is warranted where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile."

3

Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002) citing Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991)(quoting Neitzke, 490 U.S. at 327).

In connection with the preliminary screening, Myers' *pro se* pleadings are construed generously. Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). However, even under a liberal construction, her claims under are subject to dismissal for the reasons discussed below.

C.  The Complaint and Supplement are Subject to Dismissal

Myers does not provide a viable legal basis for this action. Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218, 2010 WL 3342031, at *5 (D. Mass. 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (quotations and citations omitted)).

While the "First Circuit holds a *pro se* litigant to a

4

standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

Further, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

Here, Myers' complaint materially fails to comply with Rule 8. Myers Plaintiffs' allegations are generally confusing, and it is impossible to discern what claims are being made against which defendant and what facts support those claims.

In sum, this action cannot proceed as pled because of the various legal impediments noted above. In light of this, the Court considers whether appointment of *pro bono* counsel is justified in this case.

D.   <u>The Motion for Appointment of Counsel</u>

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); however, a civil plaintiff lacks a constitutional right to free counsel. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  Because this action appears to be subject to dismissal, the motion is denied.

E.   <u>Order to File a Response and/or an Amended Complaint</u>

In light of the above, this action shall be dismissed within thirty-five (35) days from the date of this Memorandum and Order unless Myers files a show cause response and/or an "Amended Complaint" that comports with the pleading requirements of the Federal Rules of Civil Procedure.  Any Amended Complaint must set forth, in a coherent fashion, each cause of action (i.e., legal theory of liability) against each Defendant, along with a brief statement of the underlying facts to support each claim.

This is not an invitation for Myers to tender still another bulky set of documents.  If she files an amended complaint and/or show cause response, the Court will review the submission (without reference to any allegations in previously-filed documents) and determine whether the plaintiff has set forth a claim upon which relief may be granted.  Summons will not issue until this review is complete.

Failure to comply with these directives or to provide a sufficient show cause response or Amended Complaint will result in dismissal of this action.

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. Plaintiff's Motion for Appointment of *Pro Bono* Counsel (Docket No. 3) is <u>DENIED</u>;

3. Plaintiff's Motion to Supplement (Docket No. 4) is <u>DENIED</u>;

4. Plaintiff shall, within 35 days of the date of this Memorandum and Order, show cause why this action should not be dismissed, or she shall file an Amended Complaint which cures the pleading deficiencies; and

5. No summonses shall issue pending further Order of the Court.

SO ORDERED.

                                          /s/ Patti B. Saris
                                          PATTI B. SARIS
                                          CHIEF, UNITED STATES DISTRICT JUDGE