```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


LINDA MYERS,                        )
          Plaintiff,                )
                                    )
     v.                             )        C.A. No.  13-13149-PBS
                                    )
JOHN DAVENPORT, et al.              )
          Defendants.               )
```

<u>MEMORANDUM AND ORDER</u>

June 18, 2014

SARIS, C.D.J.

**Procedural Background**

On November 14, 2013, Plaintiff Linda Myers ("Myers") filed suit against the lottery game Mega Millions and John Davenport, who was identified as a federal agent.  <u>See</u> Docket No. 1.  In her complaint, Myers states that she won over 200 million dollars in various lotteries and that "Obama and the banks wanted [Myers] to work with Davenport.  <u>Id.</u> at p. 1.  Myers alleges that she has been working with defendant Davenport and has a sealed contract delivery for turning in Jamaican Scammers.  <u>Id.</u>  She complains, among other things, that she has "been harassed and stalked and stolen from by [her] Business associates who are getting ½ the money."  <u>Id.</u>

On April 14, 2014, this Court issued a Memorandum and Order (Docket No. 6) that, among other things, advised plaintiff that her complaint and supplement were subject to dismissal and ordered her to show cause why this action should not be

dismissed, or she shall file an Amended Complaint. The Memorandum and Order explained that plaintiff's allegations were sprawling, repetitive and not entirely coherent. Myers failed to provide a viable legal basis for this action and the pleadings materially failed to comply with Rule 8 of the Federal Rules of Civil Procedure.

On May 19, 2014, Myers filed an Amended Complaint. See Docket No. 9. In addition to naming Mega Millions and Davenport as defendants, Myers adds as defendants President Barack Obama and David Anderson of Bank of America. Id. Plaintiff

Although plaintiff clearly made an effort to file an Amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure, the amended complaint fails to state a claim upon which relief may be granted. In addition to adding two new defendants, the Amended Complaint restates and embellishes the facts as alleged in her original complaint and supplement.

**Discussion**

A pro se complaint is entitled to a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). "As a general rule, ... we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st

Cir. 2008). However, even with a liberal reading, plaintiff's amended complaint is subject to dismissal.

### A. Private Citizens Cannot Bring Criminal Actions Against Others

Even though the Court construes plaintiff's claims in the light most favorable to plaintiff, there is no private right of action for the criminal violations alleged. As a basis for federal jurisdiction, plaintiff references 18 U.S.C. § 666 (theft from an organization receiving federal funds). However, there is no authority to permit a private cause of action under this criminal statute. This is because a private citizen, such as Myers, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990)(same).[1]

### B. Claims Against Federal Officials

---

[1] Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall—(1) prosecute for all offenses against the United States." 28 U.S.C. § 547(1). Thus, Myers does not have standing to bring a criminal action in federal court because no statute authorizes her to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ( per curiam ) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md.1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

The President of the United States is entitled to absolute immunity for any action taken in an official capacity. See Nixon v. Fitzgerald, 457 U.S. 731, 749, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). Although the victims of a constitutional violation by a federal agent may recover damages against the official in federal court, Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a federal official sued individually is entitled to qualified immunity unless the allegations in the complaint establish a violation of a constitutional right that was clearly established at the time of the alleged misconduct. Wood v. Moss, 134 S. Ct. 2056, 2068-2069 (May 27, 2014). Moreover, "individual government officials 'cannot be held liable' in a Bivens suit "unless they themselves acted [unconstitutionally]." Id. at (citing Ashcroft v. Iqbal, 556 U.S. 662, 683, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Myers has failed to plead any conduct by President Obama or the alleged federal defendants that violated clearly established constitutional law or statutory rights, and these defendants are entitled to qualified immunity for any individual capacity claims.

### Certification That Any Appeal Would Not Be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), I find, and will hereby certify, that any appeal by Myers of the matters contained in this Memorandum and Order would

4

not be taken in good faith. Such a certification prohibits <u>in forma pauperis</u> status on appeal even though Myers has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." <u>Id.</u> Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed <u>in forma pauperis</u> in the district court may proceed on appeal <u>in forma pauperis</u> without further authorization, unless the district court certifies that the appeal is not taken in good faith. <u>Id.</u> In view of the legal impediments set forth above, I find that any appeal by plaintiff would not be taken in good faith. "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis v. United States</u>, 356 U.S. 674, 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958) ( per curiam ); <u>see</u> <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000); <u>Wooten v. District of Columbia</u>, 129 F.3d 206, 208 (D.C. Cir. 1997). A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." <u>Neitzke</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Such is the case here. I find that any appeal would be one that plainly does not deserve additional judicial attention.

## Conclusion

Accordingly, should Myers seek to appeal the dismissal of

this action, she must pay the appellate filing fees or obtain permission to appeal in forma pauperis directly from the United States Court of Appeals of the First Circuit.

## Conclusion

Based on the above, it is hereby Ordered that:

1. In accordance with this Court's order dated April, 14, 2014, the within action be and it is hereby DISMISSED with prejudice in its entirety; and

2. This Court CERTIFIES that any appeal would not be taken in good faith.

SO ORDERED.

    /s/ Patti B. Saris
PATTI B. SARIS
CHIEF, UNITED STATES DISTRICT JUDGE